IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>REBUILT BROKERAGE LLC D/B/A REBUILT REALTY<br><br>AND REBUILT OFFERS LLC<br><br>      Defendants. | Case No. 24-cv-504<br><br><br><br>**JURY TRIAL DEMANDED** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

    Plaintiff: The Plaintiff has pled a single cause of action alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which occurs when an individual receives two or more calls on their residential telephone line in a 12 month period after their number has been listed on the National Do Not Call Registry for at least 30 days.

    Defendants: Defendants deny they violated any provisions of the TCPA, deny Plaintiff has been harmed in any manner, and deny a class is appropriate in this action.

2. **Are there any outstanding jurisdictional issues?**

    Plaintiff**:** There are no jurisdictional issues as there is federal question jurisdiction with the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

1

Defendants: Defendants do not raise any jurisdictional issues but reserves the right to challenge standing based on the course of discovery.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   None

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   None at this time.

6. **Are there any issues about preservation of discoverable information?**

   Plaintiff: The Plaintiff is evaluating the Defendants' efforts to ensure that its third party texting platform retained information regarding the Defendants' texting activities.

   Defendants: Defendants anticipate their may be potential issues related to the records maintained by the vendor used by Defendants. The vendor has informed Defendant that due to compliance with various privacy laws, including both US and European laws, they only maintain records for a limited amount of time. The Parties will work to address this issue and resolve to the best of their ability prior to involvement of the Court.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   Plaintiff: In order to be evaluated by an expert witness, records of text messaging should be produced natively.

<u>Defendant</u>: Defendant does not believe there are any disputes as to ESI. Defendant believes documents should be produced in PDF manner but will work with Plaintiff to see what records, if any, should be produced natively.

**What are the subjects on which discovery may be needed?**

<u>Plaintiff</u>**:** Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

<u>Defendant</u>: Defendant seeks discovery on Plaintiff's allegations, Plaintiff's knowledge of the allegations, Plaintiff's expert witnesses, and Plaintiff's alleged damages, if any.

8. **Have initial disclosures been made?  If not, should any changes be made in the timing, form, or requirement for initial disclosures?** Yes.

9. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?** There is no need to phase discovery, and the Defendant has responded to the Plaintiff's first set of discovery and is working on supplementing that production. Defendant intends to serve discovery shortly.

10. **What, if any, discovery disputes exist?** None at this time.

11. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?** The parties have filed a Protective Order, which included sufficient clawback protections.

12. **Have the parties discussed early mediation?** The parties have discussed settlement, but do

not believe an early mediation will be productive.

13. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?** The parties have filed a protective order and there are no other issues requiring judicial intervention at this time.

*/s/ Anthony I. Paronich*                                   September 12, 2024

_____                          _____

Counsel for Plaintiff(s)                                     Date

*/s/ Jacob Bach*                                              September 12, 2024

_____                          _____

Counsel for Defendant(s)                                   Date