IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ,<br> *Plaintiff,*<br><br>v.<br><br>REBUILT BROKERAGE LLC d/b/a<br>REBUILT REALTY AND REBUILT<br>OFFERS LLC<br> *Defendants.* | Case No. 1:24-cv-504-RP |

**MOTION AND BRIEF IN SUPPORT OF MOTION
TO IMPOSE SPOLIATION SANCTIONS ON DEFENDANTS
PURSUANT TO RULE 37(e)(1)**

1

## INTRODUCTION

In order to prove the classwide claims and seek class certification in this putative nationwide class action against the Defendants, the Plaintiff needs classwide telephone texting records. The Plaintiff requested these records in discovery. The Defendants responded that they only had access to four months' worth of records, from approximately April of 2024 to August of 2024 and presumably continuing through present. Thereafter, the Plaintiff served a subpoena on the Defendants' telephone provider, MessageMedia. Counsel for MessageMedia responded that they are able to produce over a year of classwide calling data, but that production of such data will require a dedicated engineer to spend several days on the project and is estimated to cost $1,600. As a result of their allowing critical classwide texting records to become spoliated, this Court should impose the costs of that production, together with the attorneys' fees and costs sought in bringing this motion, on the Defendants, pursuant to FED. R. CIV. P. 37(e)(1).

## BACKGROUND

Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The

law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). "In the context of the TCPA, the class action device likely is the optimal means of forcing corporations to internalize the social costs of their actions." *Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (certifying two Classes under the TCPA).

In this lawsuit, Plaintiff Ananda Chavez has alleged that Defendants sent multiple text messages to Plaintiff's cell phone. Those messages violated the TCPA because Plaintiff's number is on the National Do Not Call Registry. Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

> **National Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message from or on behalf of a Rebuilt entity, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

Discovery has commenced. Defendants have been unable to produce more than 4 months' of *classwide* calling records because they allowed records beyond earlier than April of 2024 to become destroyed. A path remains to obtain those records through the work of non-party MessageMedia, the Defendants' phone company. However, as a result of such spoliation, the Defendants, not the Plaintiff, should be required to bear the cost of MessageMedia's production.

The parties exchanged numerous meet and confer emails regarding these requests, which included a telephone call on December 9 at 2:00 PM, where counsel for the Defendants flatly stated that they would not pay for anything and not reconsider their position. The parties are at an impasse with the above request.

**STANDARD**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense. . . . Information within this scope need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). In response to widespread issues with spoliation of electronic discovery, such as the telephone records at issue here, and in response to the seminal set of *Zubulake* cases, the framers of the Federal Rules adopted Rule 37(e) to deal with issues of spoliated electronic discovery, or ESI. In sum, that rule authorizes the court, upon a finding of prejudice to another party from loss of electronic discovery, to "order measures no greater than necessary to cure the prejudice." These measures include, but are not limited to, imposing cost shifting for the recovery or reconstruction of ESI, as well as attorneys' fees and costs associated with such motion. *See, e.g.*, *Aradon v. Snohomish Cnty.*, No. C20-1665-RSM-DWC, 2023 U.S. Dist. LEXIS 48944, at *5 (W.D. Wash. Mar. 22, 2023) (holding that Rule 37(e)(1) imposes costs on the defendant in seeking out other sources or reconstructing spoliated evidence).

**ARGUMENT**

1. **Defendants should be required to bear the cost of MessageMedia's production as a sanction under Rule 37(e)(1).**

The 2015 amendments to the Federal Rules of Civil Procedure replaced former Rule 37(e) with new language that specifically addresses spoliation of ESI, providing that, "[i]f [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court" may, on a finding of prejudice, "order measures no greater than necessary to cure the prejudice[.]" FED. R. CIV. P. 37(e)(1). On a "finding that the party acted

4

with the intent to deprive another party of the information's use in the litigation[,]" the court may also order an adverse inference and other case-dispositive sanctions. FED. R. CIV. P. 37(e)(2). Here, the Plaintiff does not contend that Defendants intended to deprive Plaintiff of the information's use in the litigation; the Plaintiff only seeks sanctions in the form of bearing the costs of alternative production on a finding of prejudice under Rule 37(e)(1).

As a sister Court has explained, Rule 37(e)(1) requires a two-step analysis:

> The first is to decide if the rule applies at all – that is, if a party failed to take 'reasonable steps' to preserve [ESI] 'that should have been preserved in the anticipation or conduct of litigation.' FED. R. CIV. P. 37(e). If so, then the second step is to decide if there has been 'prejudice to another party from loss of the information,' in which case the Court 'may order measures no greater than necessary to cure the prejudice.' FED. R. CIV. P. 37(e)(1).

*Coan v. Dunne*, 602 B.R. 429, 438 (D. Conn. 2019)

The first question here, whether Defendants failed to take reasonable steps to preserve classwide calling records in the conduct of litigation, is plainly met here. Of course, Plaintiff contends that the Defendants should not have contacted Plaintiff in the first place since at least 2022, as the Plaintiff is not "Javier." Nevertheless, this action was filed on May 11, 2024, putting the Defendants on notice that it was subject to class action litigation. Defendants did nothing at the outset to begin to secure classwide calling records. All they did was ask MessageMedia, its telephone provider, for a list of text messages *that were sent to the Plaintiff's phone number* on May 15, 2024. In response, MessageMedia responded on May 16 that it only "retains your data for 4 months." Thus, less than a week after this litigation was filed, Defendants were on notice of MessageMedia's extraordinarily fleeting message retention period.

But Defendants still did nothing to secure against spoliation the critical *classwide* calling data in this matter. To this day, it is unclear if Defendants have had further communications with MessageMedia at all, let alone to secure a greater period of classwide calling data. As best

Plaintiff can discern, in response to the Plaintiff's first set of requests for production and subsequent meet and confers, the Defendants attempted to secure the available classwide calling data from MessageMedia sometime in August of 2024, thus rendering the period of available records somewhere in April of 2024. Had Defendants complied with their obligations to avoid spoliation of records, the Plaintiff would have had access to calling data going back as far as approximately January of 2024, if not earlier, thus losing at least four months' worth of data.

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). As explained in the seminal case of *Zubulake v. UBS Warburg LLC*:

> While a litigant is under no duty to keep or retain every document in its possession[,] ... it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.

220 F.R.D. 212, 217 (S.D.N.Y. 2003)

Counsel has an obligation to "become fully familiar with her client's document retention policies, as well as the client's data retention architecture." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004). Here, counsel for the Defendants was on notice, as far back as four months before it claims it sought out the spoliated *classwide* (as opposed to individual) texting data, of MessageMedia's fleetingly short retention period. It did nothing, despite knowing that this was a putative nationwide class action. As Rule 37(e) counsels, relevance is an "extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). And classwide records of who the Defendants texted in a nationwide class action alleging violations of laws regulating the same are the pinnacle of relevance and obviousness. Accordingly, counsel has shirked and failed at its duty to preserve discoverable evidence, warranting sanctions.

As to the second step for determining whether sanctions are warranted under Rule 37(e)(1), the Plaintiff has clearly been prejudiced by the spoliation, which has resulted in the Plaintiff being asked to bear approximately $1,600 in costs with respect to third-party production of relevant, discoverable information that the Defendants would ordinarily have to bear without cost to the Plaintiff. Neither party has "a burden of proving or disproving prejudice," and Rule 37(e) "leaves judges with discretion to determine how best to assess prejudice in particular cases." FED. R. CIV. P. 37(e)(1) adv. comm. n. to 2015 amend. While the moving party need not establish the loss of a "smoking gun," "[i]t is sufficient if the existing evidence plausibly 'suggests' that the spoliated ESI could support the moving party's case." *Karsch v. Blink Health Ltd.*, No. 17CV3880VMBCM, 2019 WL 2708125, at *21 (S.D.N.Y. June 20, 2019). Moreover, in light of Rule 23's mandate to determine class certification at "an early practicable time," the district court must permit discovery to "evidence that, in its sound judgment, would be helpful or necessary to the certification decision." *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974).

And a sister court in Texas, together with courts across this great land, have held that classwide calling data, like that sought here, is of critical importance in a putative TCPA class action like this one. *See, e.g.*, *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *2 (N.D. Tex. Jan. 21, 2022) (compelling production of documents "relating to all telephone calls placed to the proposed class members, including the telephone numbers called, the dates and times of the calls, and the results of the calls."); *Ahmad v. Old Republic Nat'l. Title Ins. Co*, 690 F.3d 698, 702 (5th Cir. 2012) (holding that the plaintiff must demonstrate the Rule 23 elements at class certification through common questions and evidence); *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 5:11-CV-90, 2014 WL 316476, at *6-7 (N.D.W. Va. Jan. 28, 2014) (granting motion to compel, *inter alia*, classwide complaints in TCPA case);

*Bratcher v. Navient Sols., Inc.,* No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, at *6-7 (M.D. Fla. Mar. 2, 2017) (granting motion to compel in TCPA action and holding that "Defendant's argument that the information need not be produced because it is not admissible under Federal Rule of Evidence 404(b) is without merit."). .

Upon a showing of prejudice, this Court may "order measures no greater than necessary" to cure the prejudice. FED. R. CIV. P. 37(e)(1). Before this Court is a measure curing the prejudice here *par excellence*; at least a years' worth of the very classwide calling records sought are available through the Defendants' telephone carrier, and that carrier will require an engineer to reconstruct the discoverable ESI from backups and other databases in archival storage, which the carrier estimates will cost $1,600. Critically, the production of this data will still substantially reduce the size of the putative class by only accounting for a quarter of the putative class's violative calling conduct, which stretches to include the TCPA's four-year statute of limitations.

As Rule 37(e)(1) counsels, it should be the Defendants, not the Plaintiff, called upon to shoulder the cost of this otherwise unnecessary third-party production. *See, e.g.*, *Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 760 (M.D. La. 2023) (granting spoliation sanctions, together with fees, costs, and expenses incurred as a result of failure to preserve text messages, even upon showing that deleted text messages were nevertheless recoverable through third-party subpoenas); *Karsch v. Blink Health Ltd.*, No. 17CV3880VMBCM, 2019 WL 2708125, at *9 (S.D.N.Y. June 20, 2019) (ordering costs of forensic review and production of documents from destroyed server).

In such instances, the costs of reconstruction are borne by the party spoliating as an appropriate sanction, even if reconstruction is revealed to be impossible, infeasible, or otherwise impracticable, unlike here. Indeed, the amount of sanctions here of approximately $1,600 plus

fees and costs pale in comparison to sanctions for similar conduct ordered and upheld by sister courts for similar conduct, including in unsuccessful efforts to reconstruct discoverable ESI. *See, e.g.*, *4DD Holdings, LLC v. United States*, 153 Fed. Cl. 371, 378 (2021) (largely upholding $1.79 million spoliation sanctions award); *Aradon*, 2023 U.S. Dist. LEXIS 48944, at *5 (awarding $56,368 for reconstruction of evidence, attorneys' fees, and costs); *J.S.T., Corp. v. Robert Bosch, LLC*, No. 15-13842, 2019 U.S. Dist. LEXIS 90645, at *18 (E.D. Mich. May 29, 2019) (awarding expert advisor fees incurred in determining that reconstruction of ESI was not possible); *Aquino v. Alexander Capital, LP*, No. 21-cv-1355 (JSR), 2024 U.S. Dist. LEXIS 200877, at *4 n.2 (S.D.N.Y. Feb. 1, 2024) (awarding $45,337.50 in sanctions, notwithstanding ability to partially reconstruct records, because "Requiring defendants to prove exactly what was lost is precisely the kind of unfairness the advisory committee note warns against.").

Here, the Defendants appear to have gotten off relatively unscathed while retaining a substantial benefit in largely whittling down the size of the putative class from four years down to just a year. The requested sanctions of the cost of the MessageMedia production, together with attorneys' fees and costs in bringing this motion, are eminently reasonable and appropriate.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion for spoliation sanctions pursuant to Rule 37(e)(1) should be granted. The Plaintiff respectfully requests that Court award the requested sanctions against Defendants, consisting of the actual costs of the third-party production from MessageMedia of approximately $1,600, plus attorneys' fees and costs incurred in bringing this motion. Plaintiff respectfully requests that Plaintiff be permitted to file a bill of costs once the MessageMedia production has been billed, together with an accounting of the costs associated with motions practice once complete, including under Local Rule CV-54.

RESPECTFULLY SUBMITTED AND DATED this December 17, 2024.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF CONFERENCE**

We hereby certify that we conferred with counsel for Defendants, regarding the subject of this motion, which is opposed. The parties exchanged numerous meet and confer emails regarding these matters, which included a telephone call on December 9, 2024 at 2:00 PM attended by Andrew Perrong for Plaintiff and Jacob Bach for the Defendants, as well as follow-up emails including the above. An agreement could not be reached because the parties are at an impasse with respect to the subject matter of the motion.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

/s/ Anthony Paronich
Anthony Paronich

## **CERTIFICATE OF SERVICE**

We hereby certify that on December 17, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich