IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ,<br>　　*Plaintiff,*<br><br>v.<br><br>REBUILT BROKERAGE LLC d/b/a<br>REBUILT REALTY AND REBUILT<br>OFFERS LLC<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§　　Case No. 1:24-cv-504-RP<br>§<br>§<br>§<br>§ |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW, Defendants Defendant Rebuilt Brokerage LLC d/b/a Rebuilt Realty and Rebuilt Offers LLC (collectively the "Defendants"), and files this Response to Plaintiff's Motion for Sanctions as follows:

### INTRODUCTION

1.  Plaintiff accuses Defendants of spoiling evidence related to the alleged class in this matter. Doc. 23. Plaintiff claims they requested "classwide telephone texting records" but that Defendants "responded that they only had access to four months' worth of records." *Id*. at 2.[1] No copy of the request(s) or response(s) at issue are included. As Defendants have repeatedly informed Plaintiff, Defendants used a third-party to send out the text messages; records of the messages are kept by the third party. In fact, Plaintiff never claims that the records have been spoiled or are lost, but instead claims Defendants should have to pay for the subpoena production costs. There cannot be sanctions for spoilation when there is no spoilation.

---

[1] Plaintiff's requests, which are not attached, does not request production of "classwide telephone texting records"; rather, it requested "all documents containing . . . information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff." This essentially asks for all of Defendants calling and texting information for all time, a clearly over broad request that is not limited to the scope of the class or the allegations alleged. Defendant objected as such to the Response.

1

2.      Several issues arise with Plaintiff's Motion for Sanctions (the "Motion") which warrant denying the Motion. First, Plaintiff attaches no evidence to support any of his claims in this Motion—no affidavit or declaration as to the facts alleged, no copies of any communications with MessageMedia regarding the production Plaintiff thinks Defendants should pay for; and, most notably, no copies of any subpoena at issue. Doc. 23. Further, Plaintiff identifies MessageMedia as Defendants' "telephone provider." *Id*. at 2. Defendants used a third-party text messaging service provided by a company called ClickSend. ClickSend appears to be owned by the same company that owns MessageMedia, Sinch. Defendants would not classify them as a "telephone provider," but rather a text-messaging platform used by Defendants. Further, the Court has not been provided any copies of any responses from any of the subpoenaed parties; the Court has only been provided Plaintiff's version of the conversations.

3.      Second, Defendants never possessed this information, and thus could not take any reasonable steps to preserve it or cause it to become spoiled. At all times, the information has been in the possession of a third party, ClickSend. In fact, the information is still in the possession of a third party, and Plaintiff's Motion is really about who is responsible for paying for a subpoena. Since this information is in the possession of a third party, Plaintiff cannot satisfy the elements of Rule 37(e) sanctions, and this Motion should be denied.

4.       Finally, Plaintiff argues Defendants should have preserved information related to the proposed class. However, as Defendants have informed Plaintiff, Plaintiff is the only person who has ever made any sort of complaint concerning Defendants' text messaging platform, and Defendants are unaware of any individuals that could qualify as any potential class members other than Plaintiff. Thus, there were no "class records" to preserve. Plaintiff wants all of Defendants' texting records so they can go through and determine whether there were any violations, but such

individualized mini-trials into each potential class member is not the purpose of a class action. For these reasons, as fully set forth herein, Plaintiff's Motion should be denied.

## ARGUMENTS AND AUTHORITIES

**A.  Standard of Law for Rule 37(e) sanctions.**

5.     "To apply Rule 37(e) sanctions, a court must determine that the following four predicate elements exist: (1) there is ESI that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced" through additional discovery. *Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-184-O, 2022 U.S. Dist. LEXIS 184667, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022) (cleaned up); *BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, No. 3:22-cv-1981-L-BN, 2024 U.S. Dist. LEXIS 67134, at *26-27 (N.D. Tex. Apr. 12, 2024); *Balancecxi, Inc. v. Int'l Consulting*, No. 1:19-CV-0767-RP, 2020 U.S. Dist. LEXIS 219993, at *35 (W.D. Tex. Nov. 24, 2020) ("four predicate elements must be established before a court grants sanctions under Rule 37(e): a party was (1) obligated to preserve ESI (2) but did not do so (3) because they failed to take reasonable steps to preserve it, and (4) the ESI cannot be restored or replaced").

6.     If these four predicate elements are met, the Court then addresses possible remedies under Rule 37(e)(1) or 37(e)(2), "which have different requirements before sanctions can be imposed and can lead to different sanctions." *Cleary*, 2022 U.S. Dist. LEXIS 184667, at *9 (citation omitted). Under these subdivisions, Rule 37(e) allows courts to impose certain severe sanctions for the intentional failure of a party to preserve relevant ESI, but only after a finding that the party acted with the intent to deprive another party of the information's use in the litigation. *Id*. (*citing Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F. Supp. 3d 638, 646 (W.D. Tex. 2022) (*citing* Fed. R. Civ. P. 37(e)) (cleaned up))). If the court does not find that the spoliating party acted with an intent

3

to deprive another party but determines that the loss of ESI prejudiced another party, Rule 37(e)(1) allows courts to impose lesser sanctions in the form of 'measures no greater than necessary to cure the prejudice. *Id.*

7. Plaintiff states, "[a]s a sister Court has explained, Rule 37(e)(1) requires a two-step analysis." Doc. 23 at 5 (citing *Coan v. Dunne*, 602 B.R. 429, 438 (D. Conn. 2019)). Interestingly, the line immediately preceding the portion quoted by Plaintiff reads, "I [the court] understand the amended version of Rule 37(e) to set forth a *three-part inquiry*." *Id*. (emphasis added). Defendants do not know why Plaintiff chose to omit a step from the analysis set forth by this court in the Second Circuit. Regardless, this Court should instead look at whether Plaintiff has established the four predicted elements discussed in the case law of this district and other districts in the Fifth Circuit. Plaintiff has not, as Plaintiff cannot show any information is lost and cannot be restored or replaced, and therefore Plaintiff's Motion should be denied.

### B. Plaintiff has not identified what ESI Defendants failed to preserve.

8. As Plaintiff admits, Defendants reached out to ClickSend to provide the texting records. Defendants learned that ClickSend only had a four-month data retention policy at the same time that it requested the data; Defendants themselves were surprised to learn this. Having never had a dispute over its texting before, Defendant had no reason to investigate ClickSend's data retention policies prior to this lawsuit. Defendant used a third-party to send the texts, and did not keep records details of the text messages because they operated under the assumption that ClickSend would keep this information. It turns out they were correct. ClickSend—or MessageMedia, Defendants are unsure as to what entity Plaintiff is referring to—has the data Plaintiff seeks, at least according to Plaintiff's Motion.

9. Further, it is unclear what exactly Plaintiff is identifying as the lost ESI. There is no identified class, and thus no way for Defendants to preserve "class data." To the best of Defendants' knowledge, Plaintiff is the only alleged class member, as no other individuals have ever complained over receiving messages after receiving a request to cease texts. Defendants produced a list showing the over 40,000 individuals who have opted out, none of whom have ever complained of receiving further text messages. Further, ClickSend has ensured Defendants that individuals on the opt-out list will not be texted. This information has been relayed to Plaintiff's counsel. Defendants' counsel asked Plaintiff's counsel how they intended to certify a class in this matter given these facts, but Plaintiff's counsel has refused to answer. There was no way to preserve "class data" if there is no identifiable class.

10. It appears Plaintiff wants the entirety of Defendants' text messaging history. All of Defendants' test messaging history is not relevant or responsive to any requests for production or this proposed class action, and any request to produce all of these records is overly broad. As previously stated to Plaintiff's counsel, Defendants operate an opt-in service. Individuals were required to fill out a webform to be added to Defendants' mailing campaigns, during which they provide consent to be contacted. Based on this, most of the information Plaintiff recovers from a subpoena of all of Defendants' texting history will be irrelevant to the class, as all it will show it people texted with consent. Further, it will require individualized mini-trials into each individual in the records, which is not the purpose of a class action.

### C. Plaintiff does not identify what information was lost or how it was lost.

11. "Information is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians." *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 327 F.R.D. 96, 107 (E.D. Va. 2018); *see Agility Pub. Warehousing Co. K.S.C. v. DOD*, No. CV 14-1064, 2017 U.S. Dist.

LEXIS 220625, 2017 WL 1214424, at *2 (D.D.C. Mar. 30, 2017) (e-mails were only lost if they "were deleted, were not part of [another party's] production, and . . . are now irretrievable"); *Living Color Enters. v. New Era Aquaculture Ltd.*, No. 14-CV-62216, 2016 U.S. Dist. LEXIS 39113, 2016 WL 1105297, at *5 (S.D. Fla. Mar. 22, 2016) (text messages provided to movant by another party were not lost); *see also* Fed. R. Civ. P. 37, Comm. Notes on Rules-2015 Amendment ("Because [ESI] often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere.").

12.     None of the information sought by Plaintiff is lost. Plaintiff readily admits this, as Plaintiff has informed the Court that the information is obtainable from a different source—the same source Defendants identified as being in possession of the records. Plaintiff represents that MessageMedia is "able to produce over a year of classwide calling data". Thus, it appears the information is obtainable from ClickSend, and there is no evidentiary basis for imposing sanctions.

13.     Plaintiff, or perhaps Plaintiff's counsel, simply balks at having the pay the costs of the subpoena upfront, though Plaintiff's counsel, as proposed class counsel, is expected to front certain costs in class actions.[2] As pointed out, Plaintiff has not presented any evidence of what documents are being sought, nor how that request is reasonably tailored to the claims alleged and the proposed class. Indeed, without identifying the ESI, Plaintiff cannot claim it is lost. Further, the very fact that Plaintiff has already identified an alternative source of the information shows that Plaintiff cannot establish this element of a spoilation claim. For these reasons, Plaintiff cannot establish this element of a spoilation claim.

---

[2] "However, we have recognized that the costs involved in prosecuting a class action, such as the cost of notifying the class members, may require a showing that the plaintiffs can secure proper funding of their litigation." *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559-60 (5th Cir. 1981)

14.   This case is also unlike the cases cited to be Plaintiff. Plaintiff cites to *Owens*, in which several "phones [had] been wiped of their data and restored to factory settings" and the defendant "ha[d] no idea who deleted the data or when." *Owens v. Bd. of Supervisors of La. State Univ.*, 695 F. Supp. 3d 750, 759 (M.D. La. 2023). In that case, the parties could obtain some, but not all, information from subpoenaing third parties, which the court described as "scattershot." *Id.* Full recovery of the information was limited to "software available only to law enforcement or to have Sells' cooperation in obtaining deleted files, which would require a lengthy process with no guarantee of recovery." *Id.* None of that applies in this case. Here, it is one subpoena to one third party, to obtain complete records from an apparently cooperative party.

15.   Likewise, Plaintiff cites to *Karsh*, a case in which the "plaintiff did not reveal that the Karsch Capital Server had been destroyed until [roughly three years after its destruction], and thereafter made a series of inconsistent representations as to whether any backup (i) existed or (ii) could be accessed" and lost, misplaced, or destroyed several other physical devices. *Karsch v. Blink Health Ltd.*, No. 17-CV-3880 (VM) (BCM), 2019 U.S. Dist. LEXIS 106971, at *7 (S.D.N.Y. June 20, 2019). In this case, Defendants have not lost any servers or destroyed any devices—the information remains where it always has been.

16.   This case is nothing like the cases Plaintiff cites in support of the sanctions Plaintiff seeks as well. *4DD Holdings, LLC v. United States,* 153 Fed. Cl. 371, 374 (2021) (concerning shredded hard drives and reimaged laptops that occurred during litigation); *Aradon v. Snohomish Cty.*, No. C20-1665-RSM-DWC, 2023 U.S. Dist. LEXIS 48944, at *2 (W.D. Wash. Mar. 22, 2023) (concerning deletion of emails and use of personal devices to avoid maintaining evidence); *J.S.T., Corp. v. Robert Bosch, LLC*, No. 15-13842, 2019 U.S. Dist. LEXIS 90645, at *11 (E.D. Mich. May 29, 2019) (concerning deletion of emails); *Aquino v. Alexander Capital, LP*, 708 F. Supp. 3d

495, 508 (S.D.N.Y. 2023) (concerning a server that was lost or destroyed without the entirety of its contents ever having been copied).

17.     Plaintiff does not appear to have a single case supporting sanctioning a party for not paying for document production costs of a subpoena. As Plaintiff cannot establish a fundamental element of the Rule 37(e) analysis, Plaintiff is not entitled to sanctions either way. On these grounds, Plaintiff's Motion should be denied.

## CONCLUSION

18.     Plaintiff has sought sanctions for spoilation of ESI that Plaintiff knows who and how to obtain it from. Plaintiff has not shown any information was lost. Therefore, Plaintiff cannot establish a predicate element necessary to apply sanctions. For this reason, and the other reasons stated herein, Plaintiff's Motion should be denied.

Dated: January 3, 2025                    Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

  I hereby certify that on January 3, 2025, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, and served on all counsel.

             */s/ Xerxes Martin*
             Xerxes Martin, IV