IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ,<br>   *Plaintiff,* § § § | |
| v. § § | Case No. 1:24-cv-504-RP |
| REBUILT BROKERAGE LLC d/b/a § § § §<br>REBUILT REALTY AND REBUILT<br>OFFERS LLC<br>   *Defendants.* | |

**REPLY IN SUPPORT OF MOTION
TO IMPOSE SPOLIATION SANCTIONS ON DEFENDANTS
PURSUANT TO RULE 37(e)(1)**

1

## **INTRODUCTION**

Defendants failed to suspend automatic deletion policies which would have preserved records of the text messages they sent to putative class members in this litigation, despite being on notice of the Plaintiff's claims and the reasonable foreseeability of litigation. That is the very definition of spoliation. *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2023 WL 2699511, at *19 (N.D. Tex. Feb. 15, 2023). Defendants' opposition to the motion seizes on perceived deficiencies of the form of the motion over substance. Plaintiff's motion should therefore be granted.

## **ARGUMENT**

1. **That the records were in the physical possession of a third party is irrelevant for Rule 37(e)(1) purposes. So too with the Defendants' perception of procedural deficiencies. As a result, the Defendants pose no reason for why the motion should be denied.**

Defendants make much of the fact that the Plaintiff has not followed the proper procedures for a discovery motion in this Court. But this is not a discovery motion; it is a sanctions motion. Even so, the Defendants' argument that the requested documents are in the possession of a third party of whose automatic deletion protocols of which they were unaware are unavailing, as the Northern District of Texas has remarked in granting a substantially similar motion in circumstances parallel to those here:

> The evidence supports a finding that Defendants did not know about the automatic deletion policies and protocols of the Talk Desk call recordings and Slack messages because Defendants did not check. Whether the deletion was inadvertent or intentional, Defendants' lack of awareness of routine deletion protocols, after being served with a lawsuit, does not make it reasonable for Defendants to have taken no steps to investigate and suspend their or their vendors' deletion policies and practices. *See DR Distributors*, 513 F. Supp. 3d at 979 ("To preserve the GoDaddy emails, Defendants simply needed to disable the autodeletion setting, which is something that Duke was able to complete after a single phone call to GoDaddy. As the legion of case law discussed earlier in this order shows, disabling an autodeletion function is universally understood to be one of the most basic and simple functions a party must do to preserve ESI." (cleaned up)).

> And the Court finds that Defendants failed to take reasonable steps to preserve Jason Love's emails by, again, at best, failing to carefully handle the status of his emails and inform themselves of the consequences of any actions taken as to those emails after he left his position in December 2021 – more than two years into this case and two months after the Fifth Circuit's decision in this case.

*Jim S. Adler, P.C.*, 2023 WL 2699511, at *19-20 (cleaned up). Because Defendants here did not do the "most basic and simple function" of disabling an autodeletion function, they should be required to pay the costs of MessageMedia's third party production.

Second, there is unquestionably spoliation here because Defendants were unable to retrieve the message content requested in discovery, as reflected in Exhibit A. Moreover, though Plaintiff contends that inclusion of such communications are inappropriate in a sanctions motion, to allay the Defendants' concerns, Plaintiff here attaches as Exhibit B an email from MessageMedia's counsel outlining the costs, which outline that the messages will need to be retrieved from backup storage, which is a "heavier lift" and will require "a few of [sic] days for a dedicated engineer to pull this data." Especially since the Defendants did produce three months of this data, the Defendants did, in fact, possess it, but failed to suspend the automatic deletion policies of its telephone provider and text messaging platform, yet another distinction without a difference that is of little relevance in determining the merits of the Plaintiff's motion.

Moreover, the Defendants also mis-state the law applicable to the motion at bar. The third part of the "three-part inquiry" articulated in *Dunne* deals with whether the destroying party "acted with the intent to deprive another party of the information's use in the litigation," so as to justify dispositive sanctions under Rule "37(e)(2)." That analysis is irrelevant for purposes here, as the Plaintiff concedes that there was no intent to deprive and the Plaintiff seeks no dispositive sanctions provided under Rule 37(e)(2); Plaintiff merely seeks the relief expressly permitted under Rule 37(e)(1).

That the Defendants did not think to investigate the data retention policies of their vendors does not absolve the Defendants, either. This very Court has held that a party facing litigation, including the class action litigation here that was evident on the face of the Complaint as pled, is under a duty to immediately investigate and suspend any automatic deletion policies for any vendors they may use. *Flores v. AT&T Corp.*, No. EP-17-CV-00318-DB, 2018 WL 6588586, at *6 (W.D. Tex. Nov. 8, 2018) ("Had AT&T implemented a litigation hold and suspended its practice of deletion . . . the ESI would not have been lost. . . . Implementing a litigation hold would have been proportional to the needs of this case and consistent with clearly established applicable standards. Accordingly, the Court finds that AT&T failed to take reasonable steps to preserve the ESI."). "[D]isabling an autodeletion function is universally understood to be one of the most basic and simple functions a party must do to preserve ESI." *Jim S. Adler, P.C.*, 2023 WL 2699511 at *19 (citing *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 979 (N.D. Ill. 2021), in turn citing *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.,* No. 15 C 10340, 2018 WL 1616725, at *4 (N.D. Ill. Apr. 4, 2018) ("Shockey claimed that neither he nor anyone else at BankDirect or Texas Capital ordered the suspension of the automatic deletion of archived emails until at least October of 2016, nearly a year *after* BankDirect filed suit!")).

Nor is the Defendants' pled lack of culpability at all availing. "Although negligence is insufficient to permit a court to impose any of the harsher-type sanctions available under subsection (e)(2), such as a permissible or mandatory jury presumption that the lost ESI was unfavorable to the party, it is sufficient to demonstrate that a party failed to take reasonable steps to preserve the ESI." *Sosa v. Carnival Corp.*, No. 18-20957-CIV, 2019 WL 330865, at *5 (S.D. Fla. Jan. 25, 2019).

Further continuing the theme of its motion, the Defendants complain that the Plaintiff has not identified the ESI that the Defendants failed to preserve, what information was lost, or how it was lost. But the Plaintiff's motion is eminently clear: the Defendants have failed to preserve approximately four months, if not more, of marketing text messaging records that they sent and their corresponding contents. The Plaintiff requires such information, including to plead the Rule 23 requirements at class certification. The Fifth Circuit has emphasized that in most cases, "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977). In light of Rule 23's mandate to determine class certification at "an early practicable time," the district court must grant precertification discovery to "evidence that, in its sound judgment, would be helpful or necessary to the certification decision." *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974). The contents of the violative text messages the Defendants sent is clearly helpful, if not vitally necessary, to the class certification decision to determine who was texted in violation of the TCPA. *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403 (N.D. Tex. Jan. 21, 2022) (compelling classwide calling records); *Eisenband v. Starion Energy, Inc.*, No. 17-80195, 2017 WL 4685266, at *1 (S.D. Fla. Oct. 17, 2017); *Shapiro v. Dyn. Recovery Sols., LLC*, No. 18-CV-60035, 2018 WL 8130559, at *3 (S.D. Fla. July 26, 2018).

Nor does the fact that the message content is retrievable, from backup and at substantial engineering efforts, from a third party, mean that it has not been "lost" by the Defendants. To the contrary, as cited in the Plaintiff's motion, a wealth of authority supports the proposition that Rule 37(e)(1) permits recovery for the costs of reconstructing lost information, such as retrieving it from archived backups, as a sanction. *See, e.g.*, *Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 760 (M.D. La. 2023) (granting spoliation

5

sanctions, together with fees, costs, and expenses incurred as a result of failure to preserve text messages, even upon showing that deleted text messages were nevertheless recoverable through third-party subpoenas). The definition of "lost" ESI is not so narrow as the Defendant claims. For example, in *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 235 (D. Minn. 2019), the Court explained that merely because some information, such as the year of text messages here, is available from other sources, does not mean that the data has not been "lost" within the meaning of the Rule:

> While it is true that Plaintiffs have obtained text messages that Boxill and other parties sent to or received from Staley and Wilson, that does not mean that all responsive text messages have been recovered or that a complete record of those conversations is available. In particular, because Wilson and Staley wiped and destroyed their phones, Plaintiffs are unable to recover text messages that the two individuals sent only to each other. Nor can they recover text messages that Staley and Wilson sent to third parties to whom Plaintiff did not send Rule 45 subpoenas (likely because they were not aware that Wilson or Staley communicated with those persons).

In addition to the cases cited in Plaintiff's motion, other courts are in agreement that merely because information can be retrieved through subpoenas on third parties does not mean it was not "lost" or not warrant sanctions. *See, e.g.*, *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15CV9363 (ALC) (DF), 2018 WL 1512055, at *12 (S.D.N.Y. Mar. 12, 2018) ("The prejudicial effect of Defendants' destruction of ESI also lies in the *extra time and expense* that have been necessary *to obtain* relevant *discovery from third parties*."); *Karsch v. Blink Health Ltd.*, No. 17CV3880VMBCM, 2019 WL 2708125, at *21 (S.D.N.Y. June 20, 2019) (holding need for "expanded deposition discovery and/or subpoena practice in the future" warranted sanctions); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 341 (D. Ariz. 2022) (holding untimely production of "unsent" messages warranted sanctions).

## **CONCLUSION**

For the foregoing reasons, the Court should Grant Plaintiff's Motion.

RESPECTFULLY SUBMITTED AND DATED this January 10, 2025.

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com
>
>*/s/ Anthony Paronich*
>Anthony Paronich
>Email:  anthony@paronichlaw.com
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone:  (617) 485-0018
>Facsimile:  (508) 318-8100
>
>*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

We hereby certify that on January 10, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>
>*/s/ Anthony Paronich*
>Anthony Paronich