# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ,<br>    *Plaintiff,*<br><br>v.<br><br>REBUILT BROKERAGE LLC d/b/a<br>REBUILT REALTY AND REBUILT<br>OFFERS LLC<br>    *Defendant.* | §<br>§<br>§<br>§<br>§   Case No. 1:24-cv-504-RP<br>§<br>§<br>§<br>§ |

## DEFENDANTS' SURREPLY TO PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW, Defendants Defendant Rebuilt Brokerage LLC d/b/a Rebuilt Realty and Rebuilt Offers LLC (collectively the "Defendants"), and files this Surreply to Plaintiff's Motion for Sanctions as follows:

### I.

1.  Plaintiff attaches some evidence, for the first time, to his reply. This evidence does not prove Plaintiff's claims regarding sanctions, however. Plaintiff motion is based on Plaintiff's belief that the fact that Defendants do not have the documents means Defendant must have spoiled them. Doc. 26 at 3. This belief is unsupported by any evidence or documents before the Court, and as Defendants have pointed out, this is really about who pays for the costs of a production from a subpoena.[1]

2.  To support this theory, Plaintiff spends a great deal of time addressing cases in which parties did not "do the 'most basic and simple function' of disabling an autodeletion function." Doc. 26 at 3. This leaves one to wonder, what autodelete function of Defendants is Plaintiff talking about?

---

[1] Since the filing of Plaintiff's Motion, ClickSend has produced the documents at issue and requested payment for them. Plaintiff's counsel has indicated they would tender payment to ClickSend.

1

3. There is no mention of an autodelete function in the original moving papers. Doc. 23. There's no evidence before the Court of any autodeletion function, no evidence that Defendants had any ability to control or disable an autodelete function, and no evidence that Defendants had the ability to control a third party's data retention policy. Considering the fact that the third party has taken the position that keeping such information longer than they do violates various US and European data privacy laws, it would seem unlikely Defendants could modify this policy. There is, of course, no evidence of this function or Defendants' ability to control it, and thus the Court can only speculate.

4. As pointed out in Defendant's Response, the cases cited by Plaintiff involve cases where the party being sanctioned was responsible for the storing of the information and failed to preserve it. None of them address a situation akin to this case, where the information was stored by a third party that deleted the information due to statutory privacy law. *See Adler v. McNeil Consultants*, LLC, No. 3:19-cv-2025-K-BN, 2023 U.S. Dist. LEXIS 54771, at *4 (N.D. Tex. Feb. 15, 2023) (failed to preserve call records and deleted emails *before and during active litigation*, from when the "lawsuit was served in September 2019 through at least the Fifth Circuit decision in August 2021"; *Flores v. AT&T Corp.,* No. EP-17-CV-00318-DB, 2018 U.S. Dist. LEXIS 224256, at *3 (W.D. Tex. Nov. 8, 2018) (concerning preservation of internal documents created and maintained by AT&T): *Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.,* No. 15 C 10340, 2018 U.S. Dist. LEXIS 57254 (N.D. Ill. Apr. 4, 2018) (failure to disable automatic five year document deletion).

5. Plaintiff claims Defendants focuses on the "perceived deficiencies of the form of the motion over substance." Doc. 26. First, the numerous deficiencies pointed out warrant denying the motion. If Plaintiff cannot establish the predicate elements, which he largely glosses over, his

motion must be denied. Second, there is no substance to Plaintiff's Motion. There is no evidence supporting it, the cases cited concern a different factual scenario, and Plaintiff has not shown any entitled to relief. For these reasons, Plaintiff's Motion should be denied.

## CONCLUSION

6. Plaintiff has failed to establish valid grounds for the Motion for Sanctions, and therefore this Motion should be denied.

## CONCLUSION

For the reasons stated herein, this Court should allow Defendants to file a Surreply to address the new evidence and arguments raised in Plaintiff's Reply.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this ___ day of ___, 2025.

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV