IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ,<br>   *Plaintiff,*<br><br>v.<br><br>REBUILT BROKERAGE LLC d/b/a REBUILT REALTY AND REBUILT OFFERS LLC<br>   *Defendant.* | Case No. 1:24-cv-504-RP |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF MOTION TO DESIGNATE EXPERT OUT-OF-TIME

COMES NOW, Defendants Defendant Rebuilt Brokerage LLC d/b/a Rebuilt Realty and Rebuilt Offers LLC (collectively the "Defendants"), and files this Response to Motion And Brief In Support Of Motion To Designate Expert Out-Of-Time (the "Motion for Late Designation") as follows:

#### INTRODUCTION

1. On February 10, 2025, Plaintiff filed her Motion for Late Designation, which relates to Plaintiffs attempt to disclose an expert witness as to their Telephone Consumer Protection Act claims (the "TCPA"), Aaron David Woolfson ("Mr. Woolfson"), more than a month after the expert deadline had already passed. Doc. 29. Plaintiff's request should be denied.

2. Plaintiff admits her deadline to disclose expert witnesses was January 10, 2025. *Id*. at 1. Plaintiff agreed to these dates in the scheduling order and therefore has known of this deadline since at least August 24, 2024, the date the Agreed Scheduling Order was filed. Doc. 16. Plaintiff has also known of any issues with the production of records long before the discovery deadline. ; Doc. 20 at 2 (disclosing the document issue to the court in September 2024). Despite knowing of these issues, the deadline for expert disclosures came and passed without any word from Plaintiff

or her counsel concerning expert disclosures or the inability to disclose any experts prior the document production.

3. Plaintiff's Motion makes clear that her counsel anticipated the use of an expert, or at least the necessity of considering an expert. Doc. 29. Defendant's counsel anticipated the same, and asked Plaintiff's counsel, informally and through formal discovery, as to who they intended to us as an expert and the methodology of any experts—as this information goes towards both the defense of this matter as well as seeking resolution between the parties. Plaintiff's counsel refused to provide any information informally. In her discovery responses, Plaintiff stated, "[t]he Plaintiff has not yet retained an expert witness, but will do so to analyze the full calling data produced and will then produce a report consistent with Rule 26 at that time." Thus, Plaintiff fully anticipated needing an expert witness in this matter, provided this discovery response after being aware of the production issues, and yet let the deadline pass without taking any action.

4. Defendants concede Plaintiff could not know the format the data would be produced in until it was provided to Plaintiffs, as Defendants did not know that either. This was not data that Defendants had possession, custody, or control of, as it was in the custody and control of a third party. However, the inability of Plaintiff's counsel to open the documents does not excuse them[1]. Plaintiff's counsel knew that it was a possibility that an expert would be needed due to the format documents were produced in. Further, they do not seek to disclose Mr. Woolfson just for the purposes of translating the documents into a more usable format; they intend to present him as an expert on the TCPA claims itself, which is something Plaintiff's counsel should have been aware of and anticipated in advance. Thus, the late production of documents, by a third party they

---

[1] This issue is addressed in paragraphs 14 and 15, *infra*.

subpoenaed well ahead of the expert deadline, does not absolve them of their failure to take any action concerning the expert deadline prior to the expiration of the deadline.

5.  As set forth below, Plaintiff's Motion misapplies the laws and standards applicable to this matter.[2] When considering the proper standards, it is clear that Plaintiff's Motion should be denied.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law.

6.  Rule 15 governs amendments of pleadings as a matter of course and amendments of pleadings filed within the court's scheduling deadlines; however, Rule 16(b) governs amendments of pleadings after a scheduling order has expired. Fed. R. Civ. P. 15, 16(b); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendments of pleadings after a scheduling order deadline has expired."). Once a deadline has expired, the deadline may be modified only for good cause. *Guffy v. Brown*, No. 16-0084, 2016 U.S. Dist. LEXIS 178499, at *6 (S.D. Tex. Dec. 27, 2016). Relevant factors to the inquiry of good cause are "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (*citing S&W Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

### B. This is not a supplemental report.

---

[2] While not dispositive to this issue before the Court, counsel for Defendant contests Plaintiff's version of the meet and confer. Doc. 29 at 3. Counsel for Defendant admits Plaintiff's counsel called him to have a meet and confer. However, Plaintiff's counsel only asked if Defendant maintained the same position as in the emails exchanged on the subject, which Defendant confirmed. Defendant's email to Plaintiff's counsel stated that Plaintiff's "request does not identify what expert you plan to disclose either, so we cannot properly evaluate your request either." There was no substantive discussion of the merits or position of the parties and Defendant was never provided any information on the expert Plaintiff intended to depose prior to the filing of this Motion.

7.     Plaintiff moves to designate their expert out of time under Rule 26(e), on the basis that "it relies on newly disclosed theories or information." Doc 29 at 5 (quoting *Hoke v. Anderson*, No. 1:18-CV-00232-RP, 2019 WL 2128631, at *2 (W.D. Tex. May 15, 2019)). Under Federal Rule of Civil Procedure 26(e), parties are allowed to supplement earlier disclosures, including expert reports, if they learn that their earlier disclosures are incorrect or incomplete. Fed. R. Civ. P. 26(e). However, because this rule is "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information," a supplemental report containing "new rather than supplementary" opinions is not appropriate under Rule 26(e). *In re Complaint of C.F. Bean L.L.C.,* 841 F.3d 365, 371 (5th Cir. 2016). As Plaintiff admits, this rule does not allow a party to "shoehorn a new expert report out-of-time." Doc. 29 at 4 (*citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570 (5th Cir. 1996)).

8.     The flaw in Plaintiff's argument is that this is not a supplemental report to an earlier disclosure based on learning the earlier disclosure is incorrect or incomplete. Fed. R. Civ. P. 26(e). Plaitiff never disclosed an expert and therefore cannot supplement any expert report. Any case law or arguments based on this being a supplemental report or relying on Rule 26(e) must be disregarded as inapplicable to the current issue before the Court.

    **C.  Plaintiff has not shown good cause.**

9.     The four factors considered in deciding whether Plaintiff has shown good cause for the late disclosure of the expert and the amendment of the scheduling are (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Service Temps Inc.*, 679 F.3d at 334.

10.      As to the first factor, Plaintiff claims she was prohibited from properly disclosing an expert based on the issues with the document production. Doc. 29 at 4. Defendant concedes this would be adequate grounds for a late expert report under Plaintiff's theory—if Plaintiff had disclosed an expert prior to the deadline and sought to supplement that expert report. This is the theory Plaintiff presents, but it is not accurate.

11.      Plaintiff has no explanation for the failure to timely move for leave to amend the expert deadline ahead of the deadline's expiration. Plaintiff's counsel has admitted it was aware of the potential need for experts in this matter, was aware of the delay in getting information from the vendor and was aware of the deadline. Plaintiff's counsel chose to let it pass without addressing it ahead of time despite knowledge of it being an issue. *See Bean Meridian, L.L.C. v. Suzuki Motor Corp. (In re C.F. Bean L.L.C.)*, 841 F.3d 365, 373 (5th Cir. 2016) ("To be sure, Bean's failure to request an extension of the expert disclosure deadline does injure its argument."); *SouthTrust Bank*, 315 F.3d at 536 ("inadvertence is tantamount to no explanation at all.").

12.      Plaintiff argues that the designation of the expert is necessary to this case, satisfying the requirements of the second factor. Doc 29 at 5-6. If such an expert were truly necessary, one would think Plaintiff would be do something concerning the deadline prior to the expiration of the deadline.

13.      Plaintiff's argument concerning the documents themselves are inaccurate as well. While Defendants cannot speak to Plaintiff's experience in past cases and the type and format of information they have received in those cases, Plaintiff's counsel misstates facts concerning the documents in this case. For example, Plaintiff states, "MessageMedia has produced the production in a database format called a 'TSV' file, which only certain individuals and experts can analyze,

as specialized software is required to read such files." Doc. 29 at 6. From this, it is unclear whether Plaintiff's counsel has viewed the contents of the files themselves.

14.     "TSV" stands for "tab-separated values."[3] A "TSV" file is a file containing data stored in is a text format whose primary function is to store data in a table structure where each record in the table is recorded as one line of the text file. The field's values in the record are separated by tab characters, thus giving them their name. They are essentially the same as a comma-separated value file, or a CSV file, albeit with a different separator. These files can be opened in Excel, Word, Notepad, and other generic text and spreadsheet editors with minimal or no issues.[4] Defendants' counsel has been able to open and review the TSV files at issue without the use of experts or any specialized software not regularly used by Defendants' counsel. Platniff's counsel's inability to handle the documents does not warrant extending the deadline a month after the deadline has already passed.

15.     Plaintiff states she does not expect any challenges to Mr. Woolfson's qualifications and generally states he will testify as to the nature of the class, including "whether any of the numbers were on the National Do Not Call Registry, how many times each number was texted, and whether the data demonstrates who may have consented to the calls and who may have received calls, despite asking that they stop." Doc. 29 at 6. Without seeing an actual expert report from Mr. Woolfson, as Plaintiff has only provided a CV, there is no way for Defendants (or Plaintiff) to know what they intend to challenge in the expert report. This is part and parcel of Plaintiff refusing to provide any information on experts in this case until the very last moment (and even then

---

[3] More information on this filetype is available online, including from the Library of Congress at https://www.loc.gov/preservation/digital/formats/fdd/fdd000533.shtml.
[4] To the extend Plaintiff's counsel raises issues concerning the size of the files, Defendant's counsel recommends the use of Notepad++ (https://notepad-plus-plus.org/), a free software that opens the TSV files in easy to read, searchable columns without size limitations. Further, even the larger TSV files can be manipulated in Excel through the use of Power Query or other built-in tools.

Plaintiff waited until after that moment had already passed). The only thing for sure is that Plaintiff offers no explanation for missing this deadline, and that extending the deadline will further delay this case.

16. Additionally, without seeing any form of proposed expert report from Mr. Woolfson—which would also form the main basis for an objection to Mr. Woolfson—it is impossible to tell if the main issue in Plaintiff's class certification is addressed by any report. Defendants have made it clear to Plaintiff's counsel that every number the Defendants texted was provided to Defendants through an opt-in web submission portal. As part of this opt-in web submission portal, each person consented to receiving messages from Defendants. Thus, every individual was texted with their consent, unless a situation arose, as alleged in this case, where a person allegedly got texts intended for someone else. To determine whether any other individuals are in the same position as Plaintiff would require looking into every account individually.

17. The fact that all accounts were opt-ins and Defendants' corresponding positions on the proposed class were disclosed early on, and Plaintiff has not offered any indication as to how their expert intends to address these issues with the data. Plaintiff does not offer any explanation as to how the expert will eliminate the need to determine, on an individual basis, when each person provided consent, when each person opted out—if they ever did opt out[5], whether the opt out was successful or not, or the numerous other issues which require an individualized minitrial into each potential class member. None of these issues will be resolved by having an expert look at the TSV files. Thus, the use of an expert will not address the main issue preventing class certification in this matter, and proceeding on an individual basis will not require an expert witness.

---

[5] Plaintiff herself fully admits she never requested the text cease, which would put her in a different class than individuals that originally consented and then opted out and may have received messages after opting out.

18. Courts have also held that disclosing an expert shortly before the discovery cutoff is prejudicial, thus satisfying the third factor in Defendant's favor. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) ("While Attorney could have conducted new discovery and redeposed witnesses under a continuance in response to the untimely designation, this would have resulted in additional delay and increased the expense of defending the lawsuit"); *Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) (amending a deadline after the deadline prejudices an opponent's preparation and increases the expense of the litigation). Even if the degree of prejudice Defendants would suffer is not great, the Court remains broad discretion to deny the late designation. *Newsome*, 123 F.4th at 767. This factor also weighs in favor of denying Plaintiff's late designation.

19. Finally, while Plaintiff states a continuance should be allowed for rather than prohibiting the late designation of an expert, Plaintiff does not take into consideration the deadlines in this matter. While trial is seven months away, discovery closes in less than a month and the dispositive motion deadline is two weeks thereafter. In addition, there has been no movement on whether or not a class is even appropriate. In the end, Plaintiff contends a continuance is appropriate, but leaves it up to the Court to determine how to modify the deadlines in this matter to address the missed deadline. *See also Bradley v. United States*, 866 F.2d 120, 126 (5th Cir. 1989) ("We also note, however, that a continuance would neither punish the government for its conduct nor deter similar behavior in the future."). Therefore, all four factors weigh against granting Plaintiff's requested relief.

## CONCLUSION

20. On these grounds, the factors weigh against granted Plaintiff's requested relief. While Plaintiff argues that the expert is necessary to this case, these arguments just serve to highlight

Plaintiff's failure to abide by basic scheduling guidelines in a case in which she seeks to certify a class. For these reasons, Plaintiff's Motion for Late Designation should be denied.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 17th day of February, 2024.

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
