IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANANDA CAMARGO CHAVEZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:24-cv-504-RP |
| REBUILT BROKERAGE LLC d/b/a | § | |
| REBUILT REALTY AND REBUILT | § | |
| OFFERS LLC | § | |
| *Defendants.* | § | |

_____/

## APPENDIX A – LOCAL RULE CV-23 STATEMENT

1. **A brief statement of the case:**

This case arises from Defendants' conduct of violating the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited telemarketing text messages

to individuals whose telephone numbers were registered on the National Do Not Call Registry

("DNC"). Plaintiff seeks class certification of a class of herself and all other individuals similarly

situated, tentatively defined as follows and subject to amendment, under Fed. R. Civ. P. 23(b)(3):

> All persons in the United States whose (1) telephone numbers were on the National Do
> Not Call Registry for at least 31 days, (2) but who received more than one telemarketing
> text message from or on behalf of a Rebuilt entity, (3) within a 12-month period (4) as
> reflected in the data produced by MessageMedia (5) at any time in the period that begins
> four years before the date of filing this Complaint to trial.

As explained in the accompanying brief in support, the Plaintiff satisfies Rule 23's

requirements for class certification because the proposed class here is ascertainable based on

common evidence in the form of the Defendants' own texting records, as well as purely public

documents in the form of the National Do Not Call Registry maintained by the federal

government. Nor do individualized issues prevent class certification here. The only arguably

1

individualized issue in TCPA cases, that of consent, is wholly inapplicable here because the Defendants lacks legally sufficient consent to call any class members. These legal claims are common to all class members and are capable of classwide resolution.

Plaintiff respectfully requests that the Court certify the proposed class, appoint Ms. Chavez as the Class Representative, and designate her attorneys as Class Counsel.

## 2. A statement defining the class plaintiff seeks to have certified including its geographical and temporal scope.

Plaintiff seeks class certification of a class of herself and all other individuals similarly situated, tentatively defined as follows and subject to amendment, under Fed. R. Civ. P. 23(b)(3):

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message from or on behalf of a Rebuilt entity, (3) within a 12-month period (4) as reflected in the data produced by MessageMedia (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

As is evident herein, the geographical scope is nationwide, owing to the nationwide nature of the telephone system and calling conduct at issue. The temporal scope encompasses the TCPA's four-year statute of limitations.

## 3. A description of plaintiff's particular grievance and why that claim qualifies plaintiff as a member of the class as defined.

The Plaintiff's particular grievance is that the Defendants contacted the Plaintiff, and all other class members, whose numbers were on the National Do Not Call Registry at least twice within a twelve month period, in violation of the TCPA. This is a statutory violation of the TCPA's Do Not Call Registry provisions, and the Plaintiff, like all other class members, received text messages from the Defendants, despite their telephone numbers being on the TCPA.

4. **Whether the plaintiff contends that the action may be maintained under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) and why.**

This action may be maintained under Rule 23(b)(3) because the requirements of

predominance and superiority are satisfied, as more fully explained in the motion in chief.

5. **A statement respecting the four prerequisites of Federal Rule of Civil Procedure 23(a). The statement shall set forth:**

a. The anticipated number of class members and how this number was determined.

    The case has approximately 13,115 members, including 187 members who revoked any purported consent to be contacted by the Defendants but received messages after such opt out was confirmed. These numbers were determined by cross-referencing information evident on the face of the Defendants' own data produced in discovery with a copy of the National Do Not Call Registry. The Plaintiff has also secured expert analysis of the data, which speaks for itself, and confirms these numbers.

b. The common questions of law and fact involved.

    The common questions of law and fact in this case include, but are not limited to:

- Whether, and how many, individuals Defendants texted?
- Whether, and how many, of those individuals were on the National Do Not Call Registry?
- Whether, and how many, of those individuals received text messages after revoking consent?
- Is the Defendants' proffered consent evidence legally sufficient under the TCPA?
- Is the Defendants' proffered consent evidence inadmissible because it is hearsay?
- Is the Defendants' proffered consent evidence legally deficient because it does not comply with the provisions of the E-SIGN Act?

c. The reasons why plaintiff's claim is typical of those of the other class members.

    As more fully described in the Plaintiff's motion in chief, the plaintiff's claim is typical because she, like all other class members, received text messages from the Defendants while their telephone numbers were on the Do Not Call Registry in the absence of any consent, including legally sufficient consent.

d. The reason why representation by the named plaintiff is adequate to protect the interests of the class. This part of the statement shall specifically answer the following questions:

    i. *Is the claim of the named plaintiff presently or potentially in conflict with that of any members of the class?*

        No.

    ii.    *Will the claims of the class require subclasses presently or in the future?*

        No.

    iii.   *What is the prior experience of counsel for the plaintiff that would indicate capability to handle the lawsuit?*

        As indicated in the Plaintiff's motion, both Mr. Paronich and Mr. Perrong have certified classes for TCPA claims in the past, including Mr. Paronich to a substantial trial resulting in a jury verdict with certiorari denied before the Supreme Court. Both Mr. Paronich and Mr. Perrong's practices are focused on the TCPA and the claims at issue here, demonstrating a capability of handling this litigation.

    iv.   *Is counsel presently representing or has he at any time represented, a class in any other class action, and if so, when and how many instances?*

        Yes. Mr. Paronich has been appointed class counsel in more than 45 certified TCPA cases, as more fully outlined in Mr. Paronich's Declaration attached herein. Mr. Perrong has represented the certified class in *Aley v. Lightfire Partners, LLC*, No. 5:22-CV-00330 (AMN/TWD), (N.D.N.Y.)

    v.    *How many cases is plaintiff's counsel now handling in which class action allegations are made?*

        Between themselves, Mr. Paronich and Mr. Perrong are handling approximately 150 cases in which class action allegations are made, in various stages.

**6. A statement describing any other pending actions in any court against the defendants alleging the same or similar causes of action.**

There are no such actions.

**7. A statement that the attorney for the named plaintiff has discussed and thoroughly explained to the plaintiff the nature of a class action and potential advantages and disadvantages to the named plaintiff by proceeding in a class action rather than individually.**

The attorneys for the named plaintiff have discussed and thoroughly explained to the

plaintiff the nature of a class action and potential advantages and disadvantages to the named

plaintiff by proceeding in a class action rather than individually.

**8. A statement of the proposed notices to the members of the class and how and when the notices will be given, including a statement regarding security deposit for the cost of notices.**

The Plaintiff will propose an appropriate notice plan once a class is certified, but in such cases, notices to potential class members are typically given via postcard to the telephone number's subscriber, as well as e-mail notice to potential class members based on the defendants' records, as well as other third-party databases. Plaintiffs' counsel has the financial resources to advance the costs for noticing and class administration expenses.

**9. A description of the extent of any settlement negotiations that have taken place and the likelihood of settlement with the named plaintiff on an individual basis. If such settlement is likely, include a statement specifying:**

The parties will be mediating this case on March 24 before Hon. David Jones (ret.). The Plaintiff's initial settlement offer at the mediation will be a classwide offer of resolution. The Plaintiff will supplement this statement based on the outcome and posture of negotiations at that mediation, including whether or not settlement is likely in the event mediation is unsuccessful.

**10. A statement of any other matters that the plaintiff deems necessary and proper to the expedition of a decision on the motion and the speedy resolution of the case on the merits.**

The Plaintiff respectfully observes the pendency of two motions, one for spoliation sanctions, and the other for leave to designate Mr. Woolfson as an expert out of time.

RESPECTFULLY SUBMITTED AND DATED this March 20, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305

5

a@perronglaw.com


*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*