IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANANDA CAMARGO CHAVEZ, § | |
|    *Plaintiff,* § | |
| § | |
| v. § | |
| § | Case No. 1:24-cv-504-RP |
| REBUILT BROKERAGE LLC d/b/a § | |
| REBUILT REALTY AND REBUILT § | |
| OFFERS LLC § | |
|    *Defendants.* § | |

**REPLY IN SUPPORT OF
SUPPLEMENT TO MOTION TO DESIGNATE EXPERT OUT-OF-TIME**

A brief procedural history of the instant motion is worth outlining. On February 10, 2025, the Plaintiff filed a Motion for Leave to File Expert Designation Out-of-Time. (ECF No. 29). On February 17, 2025, Defendants filed a response thereto. (ECF No. 30). On February 23, 2025, Plaintiff filed a reply in support. (ECF No. 31). In the intervening period, the Plaintiff proceeded with having the proposed expert, Aaron Woolfson, analyze the MessageMedia production and produce the expert report sought by the Defendants. When Mr. Woolfson completed the report, the Plaintiff filed it on the docket and styled it as a supplement to the original motion, relating back to ECF No. 29. However, owing to the nature of the ECF filing system, the supplement *to the original motion* was instead docketed as a "Motion to Supplement." ECF No. 32.

Reviewing the supplemental filing reveals that it is just that: a supplement outlining the expert report that Defendants claim they did not receive and therefore could not evaluate, and not a motion. It relies on no legal authorities. It contains no proposed order. And Rule 15(d), which governs motions to supplement *pleadings* does not apply, since the supplement to a motion is not a supplement to a *pleading*; a motion is not a pleading. FED. R. CIV. P. 7.

1

As such, Defendants' opposition to the Plaintiff's supplementation is perplexing. It was Defendants themselves that complained that, without identification of the expert or the expert's report, they could not "properly evaluate" the relief sought. (ECF No. 30 ¶ 5 n.2). Defendants further went on to explain that, "Without seeing an actual expert report from Mr. Woolfson, as Plaintiff has only provided a CV, there is no way for Defendants (or Plaintiff) to know what they intend to challenge in the expert report." (*Id.* ¶ 15). In other words, Defendants asked for an expert report, and the Plaintiff supplemented the motion with the proposed expert report just as soon as it was produced. Defendants now cry foul and oppose supplementing the motion to add the expert report when it was the Defendants that asked for it in the first place.

As such, a few points addressed in the Defendants' response in opposition bear addressing. First, the Plaintiff did not confer with Defendants under Local Rule CV-7 because counsel for Plaintiff *already conferred with respect to the underlying motion*. The Defendant's about-face is particularly perplexing because their response in opposition to the original motion explicitly requested the expert report.

Next, Defendants take issue with Mr. Woolfson's report sought to be supplemented to the original motion on the basis of its contents. There are several problems with that theory. *First*, in the event that the Court permits Mr. Woolfson's designation out-of-time, then Defendants are free to file a *Daubert* motion as they would have had the right to do had Mr. Woolfson been designated in-time. The proper resolution of a challenge to an expert's qualifications is through *Daubert* and other limiting motions, it is not to address the designation of the expert *ab initio*.

And nothing about supplementing the Plaintiff's motion to add the expert report justifies refusing permission to permit the Plaintiff to supplement. As an initial matter, the Plaintiff is not proffering Mr. Woolfson as a consent expert; that's a legal conclusion, and an expert that the

*Defendants* should have obtained, as consent is the *Defendants'* burden for which they bear the burden of proof. Second, as addressed in the Plaintiff's Motion for Class Certification, *instanter*, there is common evidence showing lack of consent and common legal issues with any purported consent. Third, and finally, and also as addressed in the Plaintiff's Motion for Class Certification, the Plaintiff *is* a part of the subset of class members who received messages after texting "stop" because the Plaintiff, like all the other individuals who received messages after texting "stop," has conclusively shown that Rebuilt had *no consent* to text any of those numbers. As such, consent is not even an issue as to the Plaintiff or any of these members.

Accordingly, the Plaintiff's original motion should be supplemented to add Mr. Woolfson's report, and the Plaintiff given leave to designate Mr. Woolfson as an expert out-of-time.

RESPECTFULLY SUBMITTED AND DATED this March 20, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

We hereby certify that on March 20, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich